UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 12-0016-JST(OPx)                           Date:  March 5, 2012
Title:  David Tran v. Wells Fargo Bank, NA, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:**   (IN CHAMBERS)  ORDER (1) REQUIRING DEFENDANTS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION, and (2) CONTINUING HEARING ON DEFENDANTS' MOTION TO DISMISS (DOC. 6) FROM MARCH 19, 2012, AT 10:00 a.m. TO APRIL 23, 2012, AT 10:00 a.m.

This action was filed in Riverside County Superior Court on November 17, 2011. Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage ("Removing Defendants") removed the case to federal court on January 4, 2012.  However, it appears that the Court may lack subject matter jurisdiction.  Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant Cal-Western Reconveyance Corporation ("Cal-Western") is a California corporation.  (Notice of Removal at 4, Doc. 1.)  Removing Defendants assert that Cal-Western's citizenship is irrelevant "because it filed a declaration of non-monetary status pursuant to California Civil Code § 2094*l* in the State Court action on December 23, 2011."  (*Id.*)

However, it appears Cal-Western did not gain non-monetary status at the time of removal.  Removing Defendants filed the Notice of Removal only 12 days after Cal-Western filed its declaration of non-monetary status.  (*Id.* at 1, 4.)  "[A] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection."  *See Silva v. Wells Fargo Bank*, No. CV 11–3200 GAF (JCGx), 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011) (concluding that removing defendants failed to show that diversity of citizenship existed at the time of removal because defendants filed the notice of removal only 6 days after declaration of non-

___

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  EDCV 12-0016-JST(OPx) | Date:  March 5, 2012 |
| Title:  David Tran v. Wells Fargo Bank, NA, et al. | |

monetary status was filed, less than statutorily required 15 days under Cal. Civ. Code § 2924*l* (d)).

Furthermore, there appear to be substantive allegations against Cal-Western, which counsels against Cal-Western's nominal status.  Plaintiff asserts claims of fraudulent misrepresentation, concealment, civil conspiracy, illegal trustee's sale, unfair business practice in violation of California Business and Professional Code § 17200, and wrongful foreclosure against Cal-Western.  (Compl., Doc. 1, Ex. 1 at 11-18.)  Specifically, Plaintiff alleges that Cal-Western never had the authority to record a Notice of Default or Notice of Trustee's Sale, to conduct a Trustee's Sale, or to issue and record a Trustee's Deed Upon Sale.  (*Id.* at 14.)  Moreover, Plaintiff alleges that Defendants, including Cal-Western, violated California Civil Code §§ 2923.5(a) and (b) by failing to demonstrate due diligence and contact Plaintiff by phone in order to avoid foreclosure.  (*Id.* at 18.)   These allegations and Plaintiff's request for damages and restitution indicate that Cal-Western may not be a nominal party.  *See Latino v. Wells Fargo Bank, N.A.*, No. 2:11-cv-02037-MCE-DAD, 2011 WL 4928880, at *3, *4 (E.D. Cal. Oct. 17, 2011) (concluding that a trustee defendant is not a nominal party for the purposes of citizenship at the time of removal where plaintiff asserted substantive allegations against trustee, including recording defective Notice of Default and engaging in deceptive business practices).

Accordingly, the Court orders Removing Defendants to show cause in writing no later than March 23, 2012, why this action should not be remanded for lack of subject matter jurisdiction.  Failure to respond by the above date will result in the Court remanding this action.

Additionally, the hearing on Defendants' Motion to Dismiss (Doc. 6) set for **March 19, 2012, at 10:00 a.m.**, is CONTINUED to **April 23, 2012, at 10:00 a.m**.

Initials of Preparer:  <u>enm</u>