JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV 12-16-JST (OPx)                                  Date:  July 3, 2012
Title:  David Tran v. Wells Fargo Bank, N.A.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE TO RIVERSIDE SUPERIOR COURT, CASE NO. RIC1118553**

On April 12, 2012, the Court ordered Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage ("Defendants") to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  (Doc. 13.)  The Court noted that it had previously concluded that Defendants are citizens of California, and therefore, the requirement of complete diversity is not met.  (*Id.*)  Defendants filed a response on April 23, 2012.  (Resp. to Order to Show Cause, Doc. 14.)  For the reasons discussed below, the Court reaffirms its earlier conclusion that Defendants are citizens of California.

Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  In *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006), the Supreme Court discussed the meaning of "located" in the context of § 1348, noting that "located" "is not a word of enduring rigidity, but one that gains its precise meaning from context . . . ."  (internal citation and quotation marks omitted).  Addressing the facts of the case before it and the possible definitions of "located" proffered by the parties, the Court held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Id.*  In reaching this conclusion, the Court observed:

> When Congress enacted § 1348's statutory predecessors and then § 1348 itself, a national bank was almost always "located" only in the State in which it was "established," under any of the proffered definitions of the two words, for, with rare exceptions, a national bank could not operate a branch outside its home State.  Not until 1994 did Congress provide broad authorization for national banks to establish branches across state lines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  EDCV 12-16-JST (OPx) | Date:  July 3, 2012 |
| Title:  David Tran v. Wells Fargo Bank, N.A. | |

*Id.* at 314.  The Court then noted that "one might read 'established' as referring to the bank's main office as set forth in its articles of association.  Other readings mentioned in Court of Appeals opinions are the bank's principal place of business and the place listed in the bank's organization certificate."  *Id.* at 315 n.8 (citing *Horton v. Bank One, N.A.*, 387 F.3d 426, 434 (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 992 (7th Cir. 2001)).  However, "[b]ecause this issue [was] not presented by the parties or necessary to [the] decision, [the Court] express[ed] no opinion on it."  *Schmidt*, 546 U.S. at 315 n.8.

Underlying the *Schmidt* Court's holding was its recognition of Congress's goal of jurisdictional parity between national banks and state-chartered banks, a concept the Court traced to §1348's statutory predecessors.  Congress initially granted national banks the right to "'sue and be sued in federal . . . court[] solely because they were national banks.'"  *Id.* at 309-10 (quoting *Mercantile Nat. Bank at Dallas v. Langdeau*, 371 U.S. 555, 565-66 (1963)).  However, Congress eliminated this right in 1882, when it passed legislation "plac[ing] national banks 'on the same footing as the banks of the state where they were located.'"  *Id.* at 309-10 (citing *Leather Mfrs.' Nat. Bank v. Cooper*, 120 U.S. 778, 780 (1887)).  In 1887, "Congress replaced the 1882 provision on jurisdiction over national banks and first used the 'located' language today contained in § 1348."  *Schmidt*, 546 U.S. at 310.  Notably, "the 1887 Act 'sought to limit . . . the access of national banks to, and their suability in, the federal courts to the same extent to which non-national banks [were] so limited.'"  *Id.* at 311 (quoting *Langdeau*, 371 U.S. at 565-66).  In 1911 revisions, "Congress . . . retained without alteration the clause deeming national banks to be 'citizens of the States in which they are respectively located.'"  *Schmidt*, 546 U.S. at 311.  "Finally, as part of the 1948 Judicial Code revision, Congress enacted § 1348 in its current form."  *Id.* at 311-12.

The *Schmidt* Court concluded that interpreting "located" to mean every state in which a national bank operates a branch, as the lower court had done, "severely constricts national banks' access to diversity jurisdiction as compared to the access available to corporations generally."  *Id.* at 317.  In a footnote, the Court recognized:

> To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business.  Congress has prescribed that a corporation "shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business."  The counterpart provision for national banking associations, § 1348, however, does not refer to "principal place of business"; it simply deems such associations "citizens of the States in which they are respectively located."  The absence of a "principal place of business" reference in § 1348 may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  EDCV 12-16-JST (OPx) | Date:  July 3, 2012 |
| Title:  David Tran v. Wells Fargo Bank, N.A. | |

> be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide.

*Id.* at 317 n.9 (internal citations omitted).  Defendants interpret this footnote broadly, as signaling the Supreme Court's disapproval of the application of the principal place of business test to national banks.  However, not only was the application of the principal place of business test not before the Supreme Court, this Court is hesitant to read footnote nine as the Supreme Court's signal on an issue that the Court believed to be of "scant practical significance."  Furthermore, the *Schmidt* Court reversed a lower court decision that would have been more restrictive of access to federal courts by national banks than by state banks or corporations, and in so doing reaffirmed jurisdictional parity as an enduring principle.  It would be illogical to suggest that jurisdictional parity can only be invoked when a national bank is at risk of curtailed access to federal court, especially because jurisdictional parity first emerged when Congress sought to *limit* national banks' automatic access to federal courts.

Several courts, including the Eighth Circuit, have concluded that Congress did not intend to "perpetuate jurisdictional parity" when it "introduced principal-place-of-business citizenship for state banks and corporations in § 1332(c)(1)" without making reference to jurisdictional parity or national banks or § 1348.  *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 708 (8th Cir. 2011).  Not only is this argument unpersuasive because *Schmidt* plainly reaffirmed jurisdictional parity, but it also rests on the incorrect assertion that principal-place-of-business citizenship was not yet known at the time that § 1348 was enacted, an assertion directly contradicted by *American Surety Company v. Bank of California*, 133 F.2d 160 (9th Cir. 1943).  In *American Surety*, the Ninth Circuit applied § 1348's statutory predecessor to what was then a rare exception: a national bank with its principal place of business in California, operating a branch bank in Portland, Oregon.  *Id.* at 161.  The Ninth Circuit concluded that the phrase "[s]tates in which they . . . are respectively located" meant "those states in which their principal places of business are maintained," and did not include those states in which the national bank simply operated a branch.  *Id.* at 162.  Although the national bank in *American Surety* was also incorporated in California, *American Surety* demonstrates the existence of "principal place of business" as a jurisdictional concept prior to the enactment of § 1348.  *Cf. Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 320 (S.D.N.Y. 2006) (relying on the Government's statement at oral argument in *Schmidt* that § 1348 was enacted ten years before the concept of principal place of business had any relevance in the jurisdictional context).  Therefore, it must be presumed that Congress enacted § 1348 against the backdrop of jurisdictional parity *and* the existence of principal place of business as a jurisdictional concept in the context of national bank citizenship.  *See Uriarte v. Wells Fargo Bank, N.A.*, No. 11-cv-2082-IEG (WVG), 2011 WL 5295285, at *6 (S.D. Cal. Nov. 3, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 12-16-JST (OPx)                                              Date:  July 3, 2012
Title:  David Tran v. Wells Fargo Bank, N.A.

      Given this history, the Court does not find the absence of reference to § 1348 or national banks in § 1332(c) to be significant.  In fact, if Congress had intended to limit the citizenship of national banks vis-à-vis state banks, it likely would have done so explicitly as it did with federal savings associations.  In 2006, Congress enacted 12 U.S.C. § 1464(x), in which the citizenship of federal savings associations is expressly limited to "*only* . . . the State in which such savings association has its home office."  12 U.S.C. § 1464(x) (emphasis added) (quoted in *Uriarte*, 2011 WL 5295285, at *7).  No such express limitation has been enacted with respect to national banks.

      Accordingly, the Court concludes that a national banking association is a citizen of the state in which it has its principal place of business.  Because Wells Fargo has its principal place of business in California, *see Stewart v. Wachovia Mortg. Co.*, No. CV 11-06108 MMM (AGRx), 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011), the requirement of complete diversity is not met.  Therefore, the Court REMANDS this action to the Riverside Superior Court, Case No. RIC1118553.

Initials of Preparer:  <u>enm</u>